IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LIWEN RONG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 1:24-cv-01572 (MSN/WBP) |
| HANZHENG WANG, *et al.*, | ) ) ) |
| Defendants. | ) |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

This matter comes before the Court on its own initiative. This serves as a proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C), and a copy will be provided to all interested parties.

On September 6, 2024, Plaintiff Liwen Rong filed a contribution claim against Hanzheng Wang, Jinshan Hu, Peihua Ma, Junyang Huang, Xiongxian Zheng, Peihong Duan, Yan Liang, Shao Mei Lu, Xiaofeng Zhao, Shuai Wang, Jianju He, Baoping Wang, Ran Ni, Zhizhong Zhang, Chunyu Zhou, Sheng Hong Cheng, Meiling Zhang, Xiaole Chen, Bao Wang, Hu Mao, Xiaoli Chen, Jing Liu, Zhiying Cheng (collectively, "Defendants"). (ECF No. 1.) After filing his Complaint, Plaintiff simply sent Defendants copies of the Complaint by certified mail. (ECF Nos. 4, 8.) Thereafter, Plaintiff moved to dismiss Defendants Hanzheng Wang and Peihong Duan from this action (ECF Nos. 6, 10), and Defendant Xiaofeng Zhao voluntarily answered Plaintiff's Complaint. (ECF No. 9.)

On December 4, 2024, the Court entered a Scheduling Order setting an initial pretrial conference for January 8, 2025. (ECF No. 11.) On December 11, 2024, Plaintiff asked the Clerk to enter default against some, but not all, of the Defendants to whom Plaintiff had mailed the

Complaint but had not filed responsive pleadings (ECF No. 14), and Plaintiff asked for a default judgment against this same category of Defendants on December 20, 2024 (ECF No. 15).

Before the January 8, 2025, initial pretrial conference, the undersigned reviewed this case, including the returns of service (ECF Nos. 4, 8) and Plaintiff's Motion for Default Judgment (ECF No. 15). After speaking with Plaintiff's counsel at the scheduled initial pretrial conference, the undersigned determined that (1) all Defendants whom Plaintiff had represented to the Court to have been properly served, in fact, had been only sent copies of the Complaint by certified mail, despite there being no legal authority to do so, and (2) Plaintiff's deadline to properly serve any of the Defendants had passed. *See* FED. R. CIV. P. 4(m). Thus, on January 8, 2025, the undersigned entered an Order extending Plaintiff's deadline to serve Defendants and directing Plaintiff to properly serve them on or before January 17, 2025. (ECF No. 21.)

On January 10, 2025, Plaintiff filed a return of service indicating that Defendant Jianju He had been served on December 18, 2025, through "Nadia Lapteva, Legal Secretary to Jeff Bell, Esq., who is designated by law to accept service of process on behalf of Jinju He." (ECF No. 22.) Plaintiff did not explain how this supposed service on Jinju He was proper. Without indicating that he had properly served any of the Defendants, on January 23, 2025, Plaintiff filed a renewed Motion for Default Judgment. (ECF No. 25.) On January 27, 2025, the Court scheduled a status conference for February 7, 2025, to address Plaintiff's supposed service on Defendants. (ECF No. 27.)

At the February 7, 2025, status conference, Plaintiff's counsel confirmed that he had failed to properly serve any of the Defendants during the nine-day extension of time provided by the Court. Following the status conference, the Court gave Plaintiff another two-week extension to properly serve Defendants, requiring service to be completed by February 21, 2025. (ECF No.

2

33.) During that time, Plaintiff properly served Zhiying Cheng, Xiaoli Chen, and Meiling Zhang by substituted service. (ECF Nos. 36, 37, 38.)

Federal Rule of Civil Procedure 4(m) allows a court to dismiss an action without prejudice if a defendant has not been served within 90 days after a complaint is filed, unless the plaintiff shows good cause for the failure to serve. *See* FED. R. CIV. P. 4(m). Even though Plaintiff failed to show good cause for his failure to properly serve Defendants within 90 days after the Complaint had been filed, the undersigned provided Plaintiff with two extensions, totaling 23 days, to serve Defendants. (ECF Nos. 21 and 33.) During that extension of time, Plaintiff served only three Defendants—Zhiying Cheng (ECF No. 36), Xiaoli Chen (ECF No. 37), and Meiling Zhang (ECF No. 38).[1]

Given that Plaintiff has failed to properly serve all but Zhiying Cheng, Xiaoli Chen, and Meiling Zhang, and given that Xiaofeng Zhao voluntarily answered the Complaint, thereby waiving service, the undersigned recommends that this case be dismissed without prejudice as to the following, remaining Defendants: Jinshan Hu, Peihua Ma, Junyang Huang, Xiongxian Zheng, Yan Liang, Shao Mei Lu, Shuai Wang, Jianju He, Baoping Wang, Ran Ni, Zhizhong Zhang, Chunyu Zhou, Sheng Hong Cheng, Xiaole Chen, Bao Wang, Hu Mao, and Jing Liu.

Through the Court's electronic filing system and by mailing a copy of this proposed finding of fact and recommendation to Plaintiff Liwen Rong's counsel, Robert Harris, at 9711 Washingtonian Boulevard, Suite 550, Gaithersburg, Maryland, 20878, the parties are notified that objections to this proposed findings of fact and recommendation must be filed within 14

---

[1] On March 19, 2025, and March 21, 2025, Plaintiff filed Certificates of Service showing that Defendant Bao Wang had been served on February 24, 2025; Defendant Ran Ni was served on March 10, 2025; and Defendant Baoping Wang was served on March 20, 2025. These Defendants were served after the Court's February 21, 2025, deadline.

days of service of this proposed findings of fact and recommendation, and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendation and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendation.

Entered this 25th day of March 2025.

Alexandria, Virginia

William B. Porter
United States Magistrate Judge