UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

LIWEN RONG,
        *Plaintiff,*

v.

HANZHENG WANG, et al.,
        *Defendants.*

No. 1:24-cv-01572 (MSN/WBP)

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Objection (ECF 44) to the Magistrate Judge's Report and Recommendations (ECF 43) ("R&R") that this Court dismiss this case without prejudice as to the Defendants who were not properly served. For the below reasons, the Court will adopt the R&R and overrule Plaintiff's objections.

**I.     BACKGROUND**

On September 6, 2024, Plaintiff Liwen Rong filed a contribution claim against several individuals, arising from a breach of contract dispute in California. ECF 1-1 ¶ 8. Specifically, Plaintiff sought contribution from the following individuals: Hanzheng Wang, Jinshan Hu, Peihua Ma, Junyang Huang, Xiongxian Zheng, Peihong Duan, Yan Liang, Shao Mei Lu, Xiaofeng Zhao, Shuai Wang, Jianju He, Baoping Wang, Ran Ni, Zhizhong Zhang, Chunyu Zhou, Sheng Hong Cheng, Meiling Zhang, Xiaole Chen, Bao Wang, Hu Mao, Xiaoli Chen, Jing Liu, Zhiying Cheng (collectively, "Defendants"). *Id.* at 1. Plaintiff first attempted service improperly via certified mail. ECF 4, 8. Then, Plaintiff voluntarily dismissed the claims against Hanzheng Wang and Peihong Duan, after those Defendants satisfied their debt. ECF 6, 10. Defendant Xiaofeng Zhao answered the complaint, thereby waiving service. ECF 9.

At the initial pretrial conference, the Magistrate Judge informed Plaintiff that the attempted service of process failed because there is no legal authority to serve a complaint via certified mail. ECF 21. Because the time for service of process had passed, *see* Fed. R. Civ. P. 5(m), the Magistrate Judge allowed Plaintiff until January 17, 2025, to properly serve the remaining Defendants. ECF 21. Following the Court's first extension, Plaintiff attempted to serve Defendant Jianju He through "Nadia Lapteva, Legal Secretary to Jeff Bell, Esq., who is designated by law to accept service of process on behalf of Jianju He." ECF 22. At the next status conference on February 7, 2025, the Magistrate Judge informed Plaintiff that this service was not proper and granted Plaintiff another two-week extension to properly serve the remaining Defendants. ECF 33. Before the February 21, 2025 deadline, Plaintiff properly served Zhiying Cheng, Xiaoli Chen, and Meiling Zhang by substituted service. ECF 36, 37, 38. Plaintiff, however, failed to serve the remaining Defendants by the new deadline.

Accordingly, on March 26, 2025, the Magistrate Judge issued his R&R, recommending that this case be dismissed without prejudice as to the following remaining Defendants: Jinshan Hu, Peihua Ma, Junyang Huang, Xiongxian Zheng, Yan Liang, Shao Mei Lu, Shuai Wang, Jianju He, Baoping Wang, Ran Ni, Zhizhong Zhang, Chunyu Zhou, Sheng Hong Cheng, Xiaole Chen, Bao Wang, Hu Mao, and Jing Liu. ECF 43 at 3.

On March 27, 2025, Plaintiff timely filed an objection to the Magistrate Judge's R&R. ECF 44. Plaintiff argues that service on the aforementioned Defendants was indeed proper. *Id.* As to Defendants Ran Ni, Sheng Hong Cheng, Zhizhong Zhang, Shuai Wang, Junyang Huang, Xiongxian Zheng and Yan Liang, Plaintiff claims that they were properly served via service on the office of Jeff Bell Esquire, who "had represented [Defendants] in the underlining case and use[d] his office as the address for them." *Id.* ¶ 4. Plaintiff also contends that Defendant Jianju He

was properly served through Nadia Lapteva, Legal Secretary to Jeff Bell Esq. *Id.* ¶ 3. As to the remaining Defendants, Plaintiff points to several attempts to serve them prior to the Court's deadline, including by utilizing a skip trace service. *Id.* ¶¶ 6-14. Plaintiff asks this Court to (1) accept that Bao Wang and Baoping Wang were properly served; (2) allow Plaintiff "to file for alternative service for 6 individuals (Hu Mao, Xiaole Chen, Chunyu Zhou, Shao Mei Lu, Peihua Ma and Jing Liu) where service were attempted but could not be located"; (3) allow Plaintiff to amend the complaint to add the estate of deceased Defendant, Jinshan Hu; and (4) accept the service completed on Jeff Bell's address. *Id.* ¶¶ 17-21.

## II. LEGAL STANDARD

After a Magistrate Judge has issued a report and recommendation, the responsibility for making a final determination remains with the District Court, which must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## III. ANALYSIS

The Court finds that Plaintiff has failed to properly serve to Defendants Jinshan Hu, Peihua Ma, Junyang Huang, Xiongxian Zheng, Yan Liang, Shao Mei Lu, Shuai Wang, Jianju He, Baoping Wang, Ran Ni, Zhizhong Zhang, Chunyu Zhou, Sheng Hong Cheng, Xiaole Chen, Bao Wang, Hu Mao, and Jing Liu.

*First*, the Court finds that Plaintiff has failed to explain how the supposed service of several Defendants through Nadia Lapteva, Legal Secretary to Jeff Bell Esq, and Mr. Bell's office was proper. That attempted service involves Defendants Jianju Hu, Ran Ni, Sheng Hong Cheng, Zhizhong Zhang, Shuai Wang, Junyang Huang, Xiongxian Zheng and Yan Liang. Federal Rule of

Civil Procedure 4(e)(1) provides that an individual defendant may be served by "delivering a copy of the summons and of the complaint to the individual personally," or "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(A)–(B). Federal Rule of Civil Procedure 4(e)(2)(C) also allows for service to be made by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Plaintiff failed to serve these individuals Defendants in accordance with Fed. R. Civ. P. 4(e). Plaintiff did not effectuate service on them personally or at their dwelling, nor has Plaintiff pointed to any facts that would allow this Court to find that Nadia Lapteva or Jeff Bell are agents authorized to receive such process. Accordingly, the Court finds that these Defendants have not been properly served and will dismiss the case as to them.

*Second*, the Court finds that Plaintiff failed to serve several Defendants by the required deadline, which was twice extended by the Magistrate Judge. Federal Rule of Civil Procedure 4(m) allows a court to dismiss an action without prejudice if a defendant has not been served within ninety days after a complaint is filed, unless the plaintiff shows good cause for the failure to serve. Fed. R. Civ. P. 4(m). The Magistrate Judge's two extensions permitted Plaintiff until February 21, 2025, to effectuate service, and until February 28, 2025 to file returns of service with the Clerk's office. ECF 33. During that time, Plaintiff only properly served Zhiying Cheng, Xiaoli Chen, and Meiling Zhang by substituted service. ECF 36, 37, 38.[1] Accordingly, the Court will dismiss the case as to the Defendants who were not served by the deadline.

---

[1] The returns of service for Defendant Bao Wang, Ran Ni, and Baoping Wang were filed with the Clerk's office after the Court's February 28, 2025 deadline. ECF 40, 41, 42.

4

IV. **CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that the Magistrate Judge's Report and Recommendation (ECF 43) is **ADOPTED** in full; it is further

**ORDERED** that Plaintiff's Objection (ECF 44) is **OVERRULED**; and it is further

**ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE** as to Defendants Jinshan Hu, Peihua Ma, Junyang Huang, Xiongxian Zheng, Yan Liang, Shao Mei Lu, Shuai Wang, Jianju He, Baoping Wang, Ran Ni, Zhizhong Zhang, Chunyu Zhou, Sheng Hong Cheng, Xiaole Chen, Bao Wang, Hu Mao, and Jing Liu.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

April 17, 2025
Alexandria, Virginia